RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0202P (6th Cir.)
File Name: 04a0202p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────

JONATHAN LEIGH PHILLIPS,
    *Petitioner-Appellant,*

*v.*

GEORGE MILLION,
    *Respondent-Appellee.*

No. 03-5561

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00479—Karl S. Forester, Chief District Judge.

Argued: June 10, 2004

Decided and Filed: June 30, 2004

Before: MARTIN and SUTTON, Circuit Judges;
WILLIAMS, Senior District Judge.[*]

─────────────

#### COUNSEL

**ARGUED:** John A. Palombi, KENTUCKY DEPARTMENT OF PUBLIC ADVOCACY, Frankfort, Kentucky, for

─────────────

[*] The Honorable Glen M. Williams, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Appellant. Gregory C. Fuchs, OFFICE OF THE ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee. **ON BRIEF:** John A. Palombi, KENTUCKY DEPARTMENT OF PUBLIC ADVOCACY, Frankfort, Kentucky, for Appellant. Gregory C. Fuchs, OFFICE OF THE ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee.

─────────────

#### OPINION

─────────────

BOYCE F. MARTIN, JR., Circuit Judge. Jonathan Leigh Phillips appeals the district court's denial of his petition for a writ of habeas corpus. For the reasons below, we AFFIRM.

### I.

On November 28, 1996, Mr. Phillips, along with Terry Burchett and Natasha Yates, a minor, set out in a car to purchase crack cocaine. Mr. Phillips took a gun with him. He located a street dealer and purchased a "rock" of crack cocaine. Returning to the vehicle, Mr. Phillips got into an argument with John Demarco Johnson, who had observed, but not participated in, the crack-cocaine transaction. As Mr. Phillips was getting back into the car, Mr. Johnson threw a bottle toward Mr. Phillips. The argument evolved into a gunfight with Mr. Phillips and Mr. Johnson firing numerous shots at each other. As Mr. Phillips drove away from the shootout, he noticed that Ms. Yates had been fatally wounded. The parties agree that Mr. Johnson fired the bullet that killed Ms. Yates.

Mr. Phillips and Mr. Johnson were jointly tried before the same jury in a Kentucky state court. Mr. Phillips was found guilty of wanton murder and tampering with physical evidence. He received a twenty-six year sentence. The Kentucky Supreme Court affirmed the decision and denied

Mr. Phillips's request for a rehearing. *Phillips v. Commonwealth*, 17 S.W.3d 870 (Ky. 2000). After the United States Supreme Court denied Mr. Phillips's petition for a writ of certiorari, he sought habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Kentucky. The district court denied his petition, and he appealed.

## II.

In habeas proceedings, our Court reviews a district court's legal conclusions *de novo* and its factual findings for clear error. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 418 (6th Cir. 2003). The controlling law is set forth in 28 U.S.C. § 2254(d). It states that we may grant a petition for a writ of habeas corpus from a person held in custody pursuant to the judgment of a state court only if the judgment: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Ibid.* In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court clarified when a state-court decision was "contrary to" clearly established Supreme Court case law. The Court held that "[a] state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* at 405. Further, it held that "[a] state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Id.* at 406.

## III.

Mr. Phillips makes three arguments on appeal. First, he argues that the Kentucky state courts and the district court

violated the federal constitutional requirement that a defendant have personal guilt in order to be convicted of an offense. Second, he argues that the Kentucky Supreme Court and the district court denied him due process by affirming the Kentucky trial court's refusal to give a jury instruction on self-defense under a state statute he believes should not apply. Third, he argues that the Kentucky courts and the district court denied him a fair trial by affirming his joint prosecution with Mr. Johnson. We disagree.

### A.

Mr. Phillips was not punished for the acts of another in violation of any federal constitutional right. The district court correctly noted that "federal habeas corpus relief does not lie for errors of state law," and "that it is not the province of the federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Cooey v. Coyle*, 289 F.3d 882, 902 (6th Cir. 2002). Whether one can be found guilty for wanton murder under Kentucky law when one recklessly exposes another to a shootout is a question for the Kentucky courts. The Kentucky Supreme Court, in this case, held that such conduct is punishable. *Phillips*, 17 S.W.3d at 875, and we see no reason to challenge the highest Kentucky court on a Kentucky-law question.

Mr. Phillips, however, believes that his argument raises a federal constitutional question, and to get it under the purview of 28 U.S.C. § 2254(d), cites two cases: *United States v. White*, 322 U.S. 694 (1944), and *Scales v. United States*, 367 U.S. 203, 224-25 (1961). As did the district court, we believe the cases cited are both factually distinguishable and set forth no precedent that controls, or for that matter speaks to, the issue Mr. Phillips raises.

*White* involved a union's duty to respond to a subpoena. Early on in the opinion, the Court declared: "[t]he only issue in this case relates to the nature and scope of the

constitutional privilege against self-incrimination . . . . Our attention is directed solely to the right of an officer of a union to claim the privilege against self-incrimination under the circumstances here presented." *White*, 322 U.S. at 697-98. We do not see how self-incrimination case law supports Mr. Phillips's contention as to personal guilt.

*Scales* held that active membership in an organization plotting to overthrow the government could constitute criminal behavior. *Scales*, 367 U.S. at 251. The Court in *Scales* did note that "[i]n our jurisprudence guilt is personal," *id.* at 224, but that principle, stated in dicta, will not invalidate Mr. Phillips's conviction. Mr. Phillips engaged in the behavior for which he was punished. The actions for which he was convicted were personal to him. *Phillips*, 17 S.W.3d at 875. He engaged in the shootout; he recklessly and wantonly exposed Ms. Yates to danger.

### B.

We also agree with the district court as to Mr. Phillips's second argument. Mr. Phillips offered no United States Supreme Court authority suggesting that the Kentucky courts unreasonably applied clearly established federal law in denying him a jury instruction on self-defense. Our review of the Supreme Court case law finds only one Supreme Court opinion discussing the denial of a self-defense instruction and due process, and that was mentioned as a hypothetical in a *dissent*. *Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting). Because there is no controlling Supreme Court authority which contradicts the state court ruling, and because this claim does not involve an unreasonable determination of fact, Mr. Phillips's argument gives us little basis on which we can act. 28 U.S.C. § 2254(d).

We have previously held that "[s]tate-law trial errors will not warrant habeas relief unless the error rises to the level of depriving the defendant of fundamental fairness in the trial

process." *Hutchinson v. Bell*, 303 F.3d 720, 731 (6th Cir. 2002) (internal citations and quotations omitted). The Kentucky Supreme Court affirmed the non-issuance of the instruction under section 503.120(2) of the Kentucky Revised Statutes. *Phillips*, 17 S.W.3d at 875. Finding the trial court's denial of the instruction expressly authorized by Kentucky law, and finding no United States Supreme Court precedent to the contrary, we do not think that Mr. Phillips's argument raises a question of fundamental fairness.

### C.

Lastly, we agree with the district court that the joint prosecution of Mr. Phillips and Mr. Johnson before the same jury did not deny Mr. Phillips a fair trial. We first look to Kentucky law to determine whether a motion to sever should have been granted. *See Hutchinson v. Bell*, 303 F.3d 720, 731 (6th Cir. 2002). All the Kentucky courts in this case held that the simultaneous trying of Mr. Phillips and Mr. Johnson was not prejudicial and was proper. As we noted above, state trial errors do not warrant habeas relief unless the errors are so egregious that they deny the defendant fundamental fairness. *Ibid.* We do not believe that to be the case here.

Mr. Phillips points us to the case of *Zafiro v. United States*, 506 U.S. 534 (1993), to support his claim of error. *Zafiro* involved the interpretation of Federal Rules of Criminal Procedure 8, 14, and 18, not the United States Constitution. *Zafiro* thus has no precedential weight in reviewing state court proceedings on due process grounds, but even if that were not true, the case lends little support to Mr. Phillips.

It is true, as Mr. Phillips points out, that the *Zafiro* Court stated that "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" then severance should be granted. *Id.* at 539. But it is also true that the Court noted that "[t]here is a preference in the federal system for joint trials of defendants

who are indicted together[,]" *id.* at 537, that "[m]utually antagonistic defenses are not prejudicial *per se*[,]" *id.* at 538, and that "[j]oint trials 'play a vital role in the criminal justice system,'" *id.* at 537.  We do not believe the prejudice Mr. Phillips suffered from being tried with Mr. Johnson, if there was any, was sufficiently serious to jeopardize the jury's ability to determine his guilt or innocence.

The Kentucky Supreme Court upheld Mr. Phillips's conviction because the Court found his engaging in a firefight with Mr. Johnson evidenced an "extreme indifference to Yates's life" thereby causing her death. *Phillips*, 17 S.W.3d at 875.  Mr. Phillips does not contest that he engaged in the shootout.  Given the great tolerance of joint trials, and Mr. Phillips's admission of this pivotal fact, we find that the joint trial of Mr. Phillips and Mr. Johnson did not violate any federal law.

Accordingly, we AFFIRM the judgment of the district court.